USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

U.S. Bank National Association, as Trustee for Asset
Backed Securities Corporation Home Equity Loan
Trust, Series NC 2006-HE2 Asset Backed Pass-
Through Certificates, Series NC 2006-HE2,

        Plaintiff,

        -against-

Lisa Ann Pia; Xavier F. Pia a/k/a Xavier Pia,

"John Doe #1" through "John Doe #12," the last
twelve names being fictitious and unknown to
plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises, described in the complaint,

        Defendant(s).

---------------------------------------------------------------------X

Docket: 25-CV-03774

**JUDGMENT OF FORECLOSURE
AND SALE**

On the Summons in a Civil Action (the "Summons") filed herein on May 07, 2025 and the

Complaint (the "Complaint") filed herein on May 06, 2025; on the Notice of Pendency filed in the

PUTNAM County Clerk's office on May 21, 2025; and upon the Plaintiff's Motion for a default

judgment against Lisa Ann Pia and Xavier F. Pia a/k/a Xavier Pia, and for a Judgment of

Foreclosure and Sale;

NOW, upon the Declaration of Orit Avraham, Esq., dated March 18, 2026 and the

Affirmation of Juliana Thurab, affirmed on June 04, 2025 the Court finds that;

Plaintiff has established its entitlement to a default judgment against Lisa Ann Pia and

Xavier F. Pia a/k/a Xavier Pia; and a judgment of foreclosure against the defendants, Lisa Ann Pia

and Xavier F. Pia a/k/a Xavier Pia; and the amount due on the Note and Mortgage as of May 16,

2025, the total amount of $152,897.67, which is broken down as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $147,251.82 |
| Deferred Principal Balance: | $0.00 |
| Interest (at date of default 4.125%) | |
| from 11/01/2024 to 05/16/2025 | |
| (per diem or FHA Monthly Interest: $16.64) | $3,286.70 |
| Late Charges: | $76.62 |
| Escrow Balance: | $2,303.37 |
| Taxes 2025: | $2,172.51 |
| Insurance 2024: | $1,013.18 |
| Escrow Payments/Credits: | ($882.32) |
| Prior Servicer Escrow Balance (if applicable): | $0.00 |

**ADDITIONAL COSTS:**

| | |
|---|---|
| Property Inspections: | $60.00 |
| Property Valuation Fee/BPO: | $85.00 |
| Prior Servicer Fee: | $0.00 |
| Property Preservation\Maintenance Fee: | $0.00 |
| Certified Mail Cost: | $0.00 |
| Title Search Expenses: | $417.50 |
| Interest Arrearage: | $0.00 |
| Bankruptcy Costs: | $0.00 |
| Subtotal | $153,481.01 |
| Less: Suspense Balance | ($528.28) |
| Less: Borrower's Surplus Fund | ($55.06) |

**GRAND TOTAL as of 05/16/2025:**　　　　　**$152,897.67**

**IT IS ORDERED, ADJUDGED AND DECREED** that the mortgaged premises described in the Complaint and described in *Schedule "A"*, annexed hereto be sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in or used in connection with the mortgaged premises as more fully set forth in the aforementioned mortgage

to be sold in one parcel subject to the following, any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, of any; zoning restrictions and any amendments thereto according to law now in force existing violations and order of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held at PUTNAM COUNTY COURTHOUSE 20 COUNTY CENTER, CARMEL HAMLET, NY 10512, by and under the direction of, Jack Elliot Schachner, Esq., 26 Stream Lane, Pleasant Valley, NY, 12569, (845)-220-7976, who is hereby designated the Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL 231 in Putnam County Courier; and it is further

**ORDERED, ADJUDGED AND DECREED** that the plaintiff or any other party or parties to this action may become a purchaser at such sale, and that if plaintiff becomes such purchaser no deposit shall be required. That said Referee execute to the purchaser or purchasers on such sale a deed or deeds of the premises sold. All deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser. That said Referee on receiving the proceeds of the sale, shall forthwith deposit the same in the name of the Referee, as Referee, in an IOLA account with an FDIC insured bank and provide counsel for plaintiff with the name and location of said bank, and the Referee shall thereafter make the following payments therefrom and the Referee's checks drawn for such purpose shall be paid by such depository, to wit:

FIRST:     The Referee shall pay a sum not to exceed $750.00, the amount allowed by Section 8003 of the CPLR to the Referee as the Referee's fee herein.

SECOND:    The Referee shall pay advertising expenses and the expenses of said sale as shown on the bills presented and certified by the said Referee to be correct.

THIRD:    The Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates and sewer rents, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expanded for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance and property inspections. The Referee shall pay or refund to the plaintiff, if paid by it, any of the aforementioned sums. The Referee shall pay to the plaintiff's attorney the sum of $6,800.00 for reasonable attorneys' fees incurred by plaintiff to protect or enforce plaintiff's security interest in the premises.

FOURTH:    From the proceeds of a sale to a party other than plaintiff, and for purposes of calculating the amount of surplus or deficiency, including if a deficiency judgment is sought, the Referee shall pay to the plaintiff or his attorney the sum of $670.00 which is hereby added to the amount found due to it for costs and disbursements to be taxed by the Clerk of this Court and inserted herein based upon the Bill of Costs filed with Plaintiff's motion, with interest thereon from the date hereof, together with an extra allowance pursuant to Section 8303(a)(1) of the CPLR of $_____ hereby added to the amount found due as aforesaid in addition to costs and disbursements, with interest thereon from the date hereof, and also the sum of $152,897.67

being the amount found due as aforesaid, together with interest at the contract rate thereon from May 16, 2025 to the date of entry of judgment and thereafter interest at the statutory rate thereon, to the date of the sale directed herein or to the date of the delivery of the Referee's Deed, whichever is later or so much thereof as the purchase money will pay of the same.

FIFTH: That, if the Referee intends to apply for a further allowance for the Referee's fee, the Referee may leave on deposit such amount as will cover further order of the Court thereon after application duly made.

SIXTH: From the proceeds of a sale to a party other than plaintiff, and for purposes of calculating the amount of surplus or deficiency, including if a deficiency judgment is sought, the Referee shall pay to the Plaintiff its assigns, the sum due under its mortgage plus interest at the contract rate, or so much thereof, as the purchase money will pay of the same, plus escrow advances, legal fees and disbursements thereon and that the Referee shall take an affidavit from Plaintiff or its representative setting forth the amount due thereunder and a receipt therefore and file it with the Referee's Report of Sale.

SEVENTH: That the said Referee take receipts for the money so paid out by the Referee and file the same with the Referee's Report of Sale and that the Referee deposit the surplus money, if any, with the Treasurer of PUTNAM County within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be drawn only on order of this Court, signed by a Justice thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that the said Referee make a Report of such sale and file it with the Clerk of the Court within thirty (30) days of completing the sale and executing the proper conveyance to the purchaser, and that the purchaser or purchasers at such sale be let into possession upon production of the Referee's deed or deeds; that, if the proceeds of such sale be insufficient to pay the amount so Reported due to the plaintiff and interest, costs and allowances as aforesaid, said Referee specify the amount of such deficiency in the Referee's Report of Sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that, in case the plaintiff shall become the purchaser of the premises directed to be sold, as aforesaid, or in the event that the rights of the purchaser at said sale, and the terms of sale under this judgment shall be assigned to or acquired by the plaintiff, and a duly executed assignment thereof in writing be filed with the Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold, upon payment to the Referee of the amounts specified above in the paragraphs marked "FIRST", "SECOND" and "THIRD", or in lieu of the payment of the said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. That the balance of the amount bid, if any, shall be allowed to the plaintiff, and applied by the paragraph marked "FOURTH" above. That if, after so applying the balance of the amount paid, there shall be a surplus over and above the amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to it of the Referee's deed, the amount of such surplus, and the Referee shall then deposit the balance with such depository as herein directed; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendants captioned as "John Doe #1" through "John Doe #12," not having been served with copies of the Summons and Complaint, are

neither necessary nor proper party defendants and their names are hereby stricken from the caption of this action; and it is further

**ORDERED ADJUDGED AND DECREED** that the caption shall be amended to reflect the removal said parties as follows:

**ORDERED,** that the caption shall read as follows:

-----------------------------------------------------------------------------------X

U.S. Bank National Association, as Trustee for Asset Backed     Docket: 25-CV-03774
Securities Corporation Home Equity Loan Trust, Series NC 2006-
HE2 Asset Backed Pass-Through Certificates, Series NC 2006-
HE2,

       Plaintiff,

          -against-

Lisa Ann Pia; Xavier F. Pia a/k/a Xavier Pia,

       Defendant(s).

-----------------------------------------------------------------------------------X

**ORDERED, ADJUDGED AND DECREED** that the defendants in this action, and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be, and they are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged premises and in each and every part and parcel thereof.

The following is a description of the premises heretofore mentioned:

(See Schedule "A" annexed hereto)

SAID premises being known as and by the street number 13 LOWELL ROAD, CARMEL, NY 10512, and it is further

**ORDERED, ADJUDGED AND DECREED** that the premises be sold subject to:

(a)      The state of facts an accurate survey will show;

(b)     All covenants, restrictions, easements, agreements and reservations, if any, of record and to any and all violations thereof;

(c)     Any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any;

(d)     Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same;

(e)     The physical condition of any buildings or structure on the premises as of the date of the later to occur of the closing date or the of the closing date hereunder;

(f)     Rights of tenants in possession, if any.

(g)     Prior mortgages and judgments, if any, now liens of record

(h)     Right of Redemption of the United States of America, if any;

(i)     Rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR Section 5015, if any;

(j)     Any and all Hazardous Materials in the Premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and,

(k)     Other conditions as set forth in the terms of sale more particularly to be announced at the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all of the Defendants in this action, and all the persons claiming under them or any of either of them, after filing of the notice of pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED,** that the Putnam County Clerk is hereby directed to record a copy of this judgment against the land records for the subject property

**ORDERED, ADJUDGED AND DECREED** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the

mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises with One Hundred Twenty (120) days from the date of sale.

Dated: June 12, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge